```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:12-00215

KEITH BRIAN CLARK

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On June 12, 2018, the United States of America appeared by C. Haley Bunn, Assistant United States Attorney, and the defendant, Keith Brian Clark, appeared in person and by his counsel, Tim C. Carrico, for a hearing on the petition on seeking revocation of supervised release submitted by United States Probation Officer Jeffrey D. Bella.  The defendant commenced a three-year term of supervised release in this action on September 9, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on February 7, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed the state and local offense of permitting driving under the influence inasmuch as on May 3, 2017, he was a passenger in a vehicle that he permitted to be driven by an individual who was under the influence of heroin, as evidenced by his plea of guilty in Wayne County, West Virginia, Magistrate Court, on June 28, 2017; (2) the defendant committed the state and local offenses of driving under the influence and driving on suspended driver's license on January 28, 2018, as evidenced by his agreement on the record of the hearing that the government possesses sufficient proof to prove the offenses by a preponderance of the evidence; (3) the defendant used and possessed controlled substances as evidenced by the fact that on May 3, 2017, he was a passenger in a vehicle that was stopped by members of the West Virginia State Police, at which time the defendant was observed holding a pizza box in which an uncapped syringe loaded with suspected heroin was located; a positive urine specimen submitted by him on October 24 and 27, 2017, for benzodiazepines for which he did not have a valid prescription; and positive urine specimens submitted by him on December 9,

2017, January 2 and April 9, 2018, for morphine; (4) the defendant failed to follow the instructions of the probation officer inasmuch as on October 24, 2017, during a home contact, the probation officer instructed him to retrieve all of his prescription medications to be counted and the defendant failed to provide his Neurontin, the defendant having admitted to the probation officer on October 27, 2017, that the Neurontin pills had been under his bed and he had forgotten about them; (5) the defendant associated with a person engaged in criminal activity inasmuch as on May 3, 2017, the defendant was involved in a traffic stop at which time the driver of the vehicle was charged with driving under the influence; (6) the defendant failed to notify the probation officer within 72 hours of his contact with police on January 28 and March 24, 2018; (7) the defendant provided a diluted urine specimen on January 9, 2018, that was returned by the lab as being specimen invalid, not consistent with normal human urine; and (8) the defendant failed to provide urine specimens as instructed on January 25, February 7, March 8 and 30, 2018; all as admitted by the defendant on the record of the hearing with the exception of (2) as set forth above and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in a residential drug treatment program for a period of at least six months at a facility such as Prestera, if available, or a

4

similar program as designated by the probation officer, where the defendant shall follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment as directed.

The defendant was remanded to the custody of the United States Marshal.

Recommendation: The court recommends that the defendant be designated to an institution as close to Wayne County, West Virginia, as feasible.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: June 14, 2018

John T. Copenhaver, Jr.
United States District Judge