```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:12-00215

**KEITH BRIAN CLARK**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On June 18, 2020, the United States of America appeared by Julie M. White, Assistant United States Attorney, and the defendant, Keith Brian Clark, appeared in person and by his counsel, Tim C. Carrico, for a hearing on the petition on seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Jeffrey D. Bella. The defendant commenced a thirty-month (30) term of supervised release in this action on November 16, 2018, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on June 14, 2018.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state and local offense of driving while his license was suspended or revoked for DUI, as evidenced by his plea of guilty in Wayne County, West Virginia, Magistrate Court, on March 20, 2019; (2) the defendant used and possessed controlled substances as evidenced by the fact that on August 12, September 18, October 7, and November 7, 2019, he submitted positive urine specimens for morphine and on each occasion he admitted to the probation officer his illegal use of morphine or an unknown prescription medication and on November 27, 2019, and February 25, 2020, he submitted positive urine specimens for methamphetamine and on each occasion he denied use of methamphetamine but admitted his use of heroin; (3) the defendant failed to report to the probation officer on November 20, 2019, after being instructed to do so by the officer on November 19, 2019; (4) the defendant failed to locate and enter an inpatient substance abuse program on December 10, 2019, and January 27, 2020, after being instructed by the probation officer to so do; (5) the defendant failed to provide urine specimens on November 12, November 22, December 5,

December 10, December 18, and December 31, 2019, and January 3, January 7, January 16, February 5, February 13, and February 17, 2020, as directed by the probation officer; and (6) the defendant failed to attend scheduled substance abuse counseling sessions on November 7, November 18, December 9, and December 17, 2019, and January 15, January 22, February 6, and February 14, 2020, as directed by the probation officer;  all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

      And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

      And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the

defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of twenty-four (24) months of supervised release upon the same terms and standard conditions as heretofore and the special condition that he participate in a six to twelve month residential drug treatment program as designated by the probation officer, where the defendant shall follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment as directed.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  June 19, 2020

John T. Copenhaver, Jr.
Senior United States District Judge